## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.:**

**JERMAINE MILLS,**

      **Plaintiff,**

                                                             **COMPLAINT**

**v.**

**EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC, BANK OF AMERICA CORPORATION, CITIBANK N.A., NAVY FEDERAL CREDIT UNION, AND USAA FEDERAL SAVING BANKS,**

                                                  **DEMAND FOR JURY TRIAL**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff, Jermaine Mills ("Plaintiff"), by and through counsel, files this Complaint against Equifax Information Services LLC, ("Defendant Equifax" or "Equifax"), Defendant Experian Information Solutions Inc, ("Defendant Experian" or "Experian"), Defendant Trans Union LLC, ("Defendant Trans Union" or "Trans Union"), Defendant Bank of America Corporation, ("Defendant BOA" or "BOA"), Defendant Citibank N.A., ("Defendant Citibank" or "Citibank"), Defendant Navy Federal Credit Union, ("Defendant Navy Federal" or "Navy Federal"), and Defendant USAA Federal Savings Bank, ("Defendant USAA FSB" or "USAA FSB"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact

business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.     Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.     Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida, 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.     Defendant Trans Union is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.     Defendant Bank of America Corporation is Delaware corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

9.     Defendant Citibank N.A. is a financial institution whose headquarters are located at 5800 South Corporate Place, Sioux Falls, South Dakota, 57108.

10.     Defendant Navy Federal Credit Union is a global credit union headquartered in Vienna, Virginia, whose registered agent is Corporation Service Company, 100 Shockoe Slip, Fl 2, Richmond, Virginia 23219.

11.     Defendant USAA Federal Savings Bank is a financial institution whose

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

headquarters are located at 10750 Mcdermott Fwy, San Antonio, Texas 78288.

## GENERAL ALLEGATIONS

12.     This action involves derogatory and inaccurate reporting of alleged Consumer Debts (the "Consumer Debts") by BOA, Citibank, Navy Federal, and USAA FSB to the Credit Reporting Agencies, Equifax Information Services LLC.

13.     In December 2019, Plaintiff discovered that his identity had been stolen and an unknown individual or individuals had opened unauthorized and fraudulent accounts using his name and personal identification information. Plaintiff filed a police report with the Los Angeles Police Department on December 27, 2019.

14.     Since his discovery, Plaintiff has repeatedly pulled his credit reports from Equifax, Experian, and Trans Union. He has also repeatedly disputed fraudulent accounts that have appeared on his reports.

15.     On or about May 12, 2023, Plaintiff filed an Identity Theft Report with the Federal Trade Commission.

16.     On or around May 2023, Plaintiff requested a copy of his credit report from Defendant Equifax. The report listed two fraudulent accounts that were opened in his name.

17.     The Fraudulent Accounts on his Equifax Report are a Navy Federal Account with an unpaid balance of $27,114, and an USAA FSB Account with an unpaid balance of $21,009.

18.     On or around May 2023, Plaintiff submitted a dispute to Defendant Equifax requesting that Equifax remove the Accounts because they were fraudulently opened in his name and did not belong to him.

19.     On or around June 2023, Defendant Equifax verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Equifax and furnished by Defendant Navy Federal and Defendant USAA FSB.

21.     As of the filing of this complaint, Defendant Equifax is still reporting the Accounts on Plaintiff's credit report.

22.     On or around May 2023, Plaintiff requested a copy of his credit report from Defendant Experian. The report listed four fraudulent accounts that were opened in his name.

23.     The Fraudulent Accounts on his Experian Report are a Bank of America Account, with an unpaid balance of $7,201, a Navy Federal Account with an unpaid balance of $27,114, a second Navy Federal Account with an unpaid balance of $5,426, an USAA FSB Account with an unpaid balance of $21,009, and a second USAA FSB Account with an unpaid balance of $12,910.

24.     On or around May 2023, Plaintiff submitted a dispute to Defendant Experian requesting that Experian remove the Accounts because they were fraudulently opened in his name and did not belong to him.

25.     On or around June 2023, Defendant Experian verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

26.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Experian and furnished by Defendant Bank of America, Defendant Navy Federal, and Defendant USAA FSB.

27.     As of the filing of this complaint, Defendant Experian is still reporting the Accounts on Plaintiff's credit report.

28.     On or around May 2023, Plaintiff requested a copy of his credit report from Defendant Trans Union. The report listed three fraudulent accounts that were opened in his name.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29.     The Fraudulent Accounts on his Trans Union Report are a Macy's American Express credit card underwritten by Defendant Citibank N.A., with an unpaid balance of $23,571, an USAA FSB Account with an unpaid balance of $21,009, and a second USAA FSB Account with an unpaid balance of $12,910.

30.     On or around July and August 2023, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union remove the Accounts because they were fraudulently opened in his name and did not belong to him.

31.     On or around August and September 2023, Defendant Trans Union verified the Accounts as accurate despite receiving evidence from Plaintiff that the accounts were fraudulent.

32.     Plaintiff was denied lines of credit and loans due to the fraudulent and delinquent Accounts being reported by Defendant Trans Union and furnished by Defendant Citibank, Defendant Navy Federal, and Defendant USAA FSB.

33.     As of the filing of this complaint, Defendant Trans Union is still reporting the Accounts on Plaintiff's credit report.

**COUNT 1**
**<u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>**
(Against Defendant Equifax)

34.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5 and 12-21 of this Complaint.

35.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Equifax, a consumer reporting agency.

36.     In or around early May of 2023, Plaintiff checked his credit report and noticed that there were fraudulent accounts being reported by Defendant Equifax. Therefore, in or around May

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of 2023, Plaintiff disputed this inaccurate and derogatory information to Equifax.

37.     Defendants Navy Federal and USAA FSB verified the fraudulent accounts. Despite Equifax having been put on notice of the fraudulent and inaccurate reporting, Equifax did not remove the Accounts from Plaintiff's Equifax credit report.

38.     As of the filing of this complaint, Defendants Navy Federal and USAA FSB's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

39.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

40.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

41.     Despite Defendant Equifax having received Plaintiff's disputes of the Accounts, Equifax continues to report the Accounts as in collections for unpaid balances to Navy Federal and USAA FSB.

42.     Continuing to report the status of the Accounts in this fashion is significant.

43.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

44.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

45.     Equifax failed to conduct a reasonable investigation and reinvestigation.

46.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47.     Equifax failed to conduct an independent investigation and, instead, deferred to Navy Federal and USAA FSB, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

48.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

49.     Equifax's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

50.     Equifax did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendant Navy Federal and USAA FSB despite being in possession of evidence that the information was inaccurate.

51.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

52.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

53.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

54.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

55.     Equifax's procedures were per se deficient by reason of these failures in ensuring

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the maximum possible accuracy of Plaintiff's credit reports and credit files.

56.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

57.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

58.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

59.     The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

60.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

61.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

62.     Plaintiff incorporates by reference paragraphs ¶¶ 1-5,12-31, 34-61 above of this Complaint.

63.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

64.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

65.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

66.     Additionally, Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

67.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

68.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

69.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

70.     As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

71.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

72.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 12-15, and 22-27 of this Complaint.

73.    Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Experian, a consumer reporting agency.

74.    In or around early May of 2023, Plaintiff checked his credit report and noticed that there were fraudulent accounts being reported by Defendant Experian. Therefore, in or around May of 2023, Plaintiff disputed this inaccurate and derogatory information to Experian.

75.    Defendants BOA, Navy Federal, and USAA FSB verified the fraudulent accounts. Despite Experian having been put on notice of the fraudulent and inaccurate reporting, Experian did not remove the Accounts from Plaintiff's Experian credit report.

76.    As of the filing of this complaint, Defendant BOA, Navy Federal, and USAA FSB's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

77.    Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

78.    Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

79.    Despite Defendant Experian having received Plaintiff's disputes of the Accounts, Experian continues to report the Accounts as in collections for unpaid balances to BOA, Navy

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Federal, and USAA FSB.

80.     Continuing to report the status of the Accounts in this fashion is significant.

81.     By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

82.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

83.     Experian failed to conduct a reasonable investigation and reinvestigation.

84.     Experian failed to review and consider all relevant information submitted by Plaintiff.

85.     Experian failed to conduct an independent investigation and, instead, deferred to BOA, Navy Federal, and USAA FSB, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

86.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

87.     Experian's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

88.     Experian did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendants BOA, Navy Federal, and USAA FSB despite being in possession of evidence that the information was inaccurate.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

89.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

90.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

91.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

92.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

93.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

94.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

95.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

96.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97.    The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

98.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

99.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

100.     Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 6, 12-15, 22-27, 72-99 above of this Complaint.

101.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

102.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

103.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

104.     Additionally, Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

105.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

106.    The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

107.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

108.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

109.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**<u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>**
(Against Defendant Trans Union)

110.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 12-15, and 28-33 of this Complaint.

111.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Accounts with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Accounts with Defendant Trans Union, a consumer reporting agency.

112.    In or around early April of 2023, Plaintiff checked his credit report and noticed that

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

there were inaccurate reports from Defendant Trans Union. Therefore, in or around April of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

113.    In or around early September of 2023, Plaintiff disputed this inaccurate and derogatory information to Trans Union for a second time.

114.    Defendants Citibank and USAA FSB verified the fraudulent accounts. Despite Trans Union having been put on notice of the fraudulent and inaccurate reporting, Trans Union did not remove the Accounts from Plaintiff's Trans Union credit report.

115.    As of the filing of this complaint, Defendants Citibank and USAA FSB's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

116.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

117.    Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

118.    Despite Defendant Trans Union having received Plaintiff's disputes of the Accounts, Trans Union continues to report the Accounts as in collections for unpaid balances to Citibank and USAA FSB.

119.    Continuing to report the status of the Accounts in this fashion is significant.

120.    By continuing to report the status of the Accounts in this fashion, lenders believe Plaintiff has had recent, major delinquencies negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

121.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

122.     Trans Union failed to conduct a reasonable investigation and reinvestigation.

123.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

124.     Trans Union failed to conduct an independent investigation and, instead, deferred to Citibank and USAA FSB, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

125.     Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Trans Union failed to correct the information.

126.     Trans Union's reporting of inaccurate information about the Accounts, which is the subject of the Disputes, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

127.     Trans Union did not conduct any independent investigation after it received Plaintiff's disputes and, instead, chose to parrot the information it received from Defendants Citibank and USAA FSB despite being in possession of evidence that the information was inaccurate.

128.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

129.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

130.     On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

131.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

132.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

133.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

134.    The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

135.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

136.    The appearance of the Accounts on Plaintiff's credit report, namely, the Accounts

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

137.    As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

138.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Trans Union)

139.    Plaintiff incorporates by reference paragraphs ¶¶ 1-4, 7, 12-15, 28-33, and 110-139 above of this Complaint.

140.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

141.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

142.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

143.    Additionally, Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

144.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the  information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the  accuracy of the information; [g] the failure to promptly delete information that was found to be  inaccurate, or could not be verified, or that the source of information had advised Trans Union to  delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to  believe was inaccurate before including it in the credit report of the consumer.

145.    The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

146.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

147.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

148.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 7
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant BOA)

149.     Plaintiff incorporates the allegations regarding the Accounts and Defendant BOA in paragraphs ¶¶ 1-4, 8, 12-15, and 28-33 by reference of this Complaint.

150.     Defendant BOA is a financial institution.

151.     In or about May of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant BOA.

152.     In or about May of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian by Defendant BOA.

153.     In response to the Dispute, Defendant Experian promptly and properly gave notice to Defendant BOA of the Dispute in accordance with the FCRA.

154.     As of the filing of this complaint, the debt has continued to be verified by Defendant BOA.

155.     Defendant BOA is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

156.    On a date better known by Defendant BOA, Defendant Experian promptly and properly gave notice to Defendant BOA of Plaintiff's Dispute in accordance with the FCRA.

157.    In response to the notices received from Defendant Experian regarding Plaintiff's Dispute, Defendant BOA did not and otherwise failed to conduct a reasonable investigation into the BOA Account which is the subject of the Dispute.

158.    In response to receiving notice from Defendant Experian regarding Plaintiff's Dispute, Defendant BOA failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Experian could not otherwise verify.

159.    Instead of conducting a reasonable investigation, Defendant BOA erroneously validated the Account and continued to report inaccurate and fraudulent information to Defendant Experian.

160.    On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

161.    On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

162.    On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian about the inaccurate information.

163.    Upon information and belief, Defendant BOA was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

164.    Defendant BOA's investigation was per se deficient by reason of these failures in

its investigation of Plaintiff's Dispute.

165.    As a direct and proximate result of Defendant BOA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

166.    Defendant BOA's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

167.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant BOA, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 8
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant BOA)

168.    Plaintiff incorporates the allegations regarding the Accounts and Defendant BOA in paragraphs ¶¶ 1-4, 8, 12-15, 28-33, and 149-167 by reference of this Complaint.

169.    On at least one occasion within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

170.    On one or more occasions within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

171.    On one or more occasions within the past year, by example only and without limitation, Defendant BOA violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

172.    When Defendant BOA received notice of Plaintiff's disputes from Defendant Experian, Defendant BOA could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

173.    Defendant BOA would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant BOA had reviewed its own systems and previous communications with the Plaintiff.

174.    Defendant BOA's investigation was per se deficient by reason of these failures in Defendant BOA's investigation of Plaintiff's Dispute.

175.    As a direct and proximate result of Defendant BOA's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

176.    Defendant BOA's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the Court pursuant to 15 U.S.C. §1681o.

177.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant BOA awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Citibank)

178.    Plaintiff incorporates the allegations regarding the Accounts and Defendant BOA in paragraphs ¶¶ 1-4, 9, 12-15, and 28-33 by reference of this Complaint.

179.    Defendant Citibank is a financial institution.

180.    In or about April of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Citibank.

181.    In or about July of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Citibank.

182.    In or about August of 2023, Plaintiff submitted a second dispute of the erroneous and derogatory information reported to Defendant Trans Union by Defendant Citibank.

183.    In response to the Dispute, Defendant Trans Union promptly and properly gave notice to Defendant Citibank of the Dispute in accordance with the FCRA.

184.    As of the filing of this complaint, the debt has continued to be verified by Defendant Citibank.

185.    Defendant Citibank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

186.    On a date better known by Defendant Citibank, Defendant Trans Union promptly and properly gave notice to Defendant Citibank of Plaintiff's Dispute in accordance with the FCRA.

187.    In response to the notices received from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Citibank did not and otherwise failed to conduct a reasonable investigation into the Citibank Account which is the subject of the Dispute.

188.    In response to receiving notice from Defendant Trans Union regarding Plaintiff's Dispute, Defendant Citibank failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendant Trans Union could not otherwise verify.

189.    Instead of conducting a reasonable investigation, Defendant Citibank erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendant Trans Union.

190.    On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

191.    On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Trans Union.

192.    On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Trans Union about the inaccurate information.

193.    Upon information and belief, Defendant Citibank was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

194.     Defendant Citibank's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

195.     As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

196.     Defendant Citibank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

197.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Citibank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Citibank)

198.     Plaintiff incorporates the allegations regarding the Accounts and Defendant Citibank in paragraphs ¶¶ 1-4, 9, 12-15, 28-33, and 178-197 by reference of this Complaint.

199.     On at least one occasion within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reasonable reinvestigation with respect to the disputed information.

200.    On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

201.    On one or more occasions within the past year, by example only and without limitation, Defendant Citibank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

202.    When Defendant Citibank received notice of Plaintiff's disputes from Defendant Trans Union, Defendant Citibank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

203.    Defendant Citibank would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Citibank had reviewed its own systems and previous communications with the Plaintiff.

204.    Defendant Citibank's investigation was per se deficient by reason of these failures in Defendant Citibank's investigation of Plaintiff's Dispute.

205.    As a direct and proximate result of Defendant Citibank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

206.    Defendant Citibank's actions constitute negligent noncompliance with the FCRA

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

207.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Citibank awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 11**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Navy Federal)

208.    Plaintiff incorporates the allegations regarding the Accounts and Defendant BOA in paragraphs ¶¶ 1-4, 10, and 12-27 by reference of this Complaint.

209.    Defendant Navy Federal is a federal credit union.

210.    In or about April of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant Navy Federal.

211.    Throughout the months of April to May of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendants Equifax and Experian by Defendant Navy Federal.

212.    In response to the Dispute, Defendants Equifax and Experian promptly and properly gave notice to Defendant Navy Federal of the Dispute in accordance with the FCRA.

213.    As of the filing of this complaint, the debt has continued to be verified by Defendant Navy Federal.

214.    Defendant Navy Federal is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

215.     On a date better known by Defendant Navy Federal, Defendants Equifax and Experian promptly and properly gave notice to Defendant Navy Federal of Plaintiff's Dispute in accordance with the FCRA.

216.     In response to the notices received from Defendants Equifax and Experian regarding Plaintiff's Dispute, Defendant Navy Federal did not and otherwise failed to conduct a reasonable investigation into the Navy Federal Account which is the subject of the Dispute.

217.     In response to receiving notice from Defendants Equifax and Experian regarding Plaintiff's Dispute, Defendant Navy Federal failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax and Experian could not otherwise verify.

218.     Instead of conducting a reasonable investigation, Defendant Navy Federal erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendants Equifax and Experian.

219.     On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

220.     On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax and Experian.

221.     On at least one occasion within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax and Experian about the inaccurate information.

222.     Upon information and belief, Defendant Navy Federal was aware of the FCRA

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

223.    Defendant Navy Federal's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

224.    As a direct and proximate result of Defendant Navy Federal's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

225.    Defendant Navy Federal's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

226.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Navy Federal, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Navy Federal)

227.    Plaintiff incorporates the allegations regarding the Accounts and Defendant Navy Federal in paragraphs ¶¶ 1-4, 10, 12-27, and 208-226 by reference of this Complaint.

228.    On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Navy Federal violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

229.    On one or more occasions within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

230.    On one or more occasions within the past year, by example only and without limitation, Defendant Navy Federal violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

231.    When Defendant Navy Federal received notice of Plaintiff's disputes from Defendants Equifax and Experian, Defendant Navy Federal could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

232.    Defendant Navy Federal would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant Navy Federal had reviewed its own systems and previous communications with the Plaintiff.

233.    Defendant Navy Federal's investigation was per se deficient by reason of these failures in Defendant Navy Federal's investigation of Plaintiff's Dispute.

234.    As a direct and proximate result of Defendant Navy Federal's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

235.    Defendant Navy Federal's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

236.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Navy Federal awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 13
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant USAA FSB)

237.    Plaintiff incorporates the allegations regarding the Accounts and Defendant BOA in paragraphs ¶¶ 1-4, 11, and 12-33 by reference of this Complaint.

238.    Defendant USAA FSB is a financial institution.

239.    In or about April of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate and fraudulent reporting from Defendant USAA FSB.

240.    Throughout the months of April to July of 2023, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendants Equifax, Experian, and Trans Union by Defendant USAA FSB.

241.    In response to the Dispute, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant USAA FSB of the Dispute in accordance with the FCRA.

242.    As of the filing of this complaint, the debt has continued to be verified by Defendant USAA FSB.

243.    Defendant USAA FSB is a "furnisher of information" that regularly and in the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

244.    On a date better known by Defendant USAA FSB, Defendants Equifax, Experian, and Trans Union promptly and properly gave notice to Defendant USAA FSB of Plaintiff's Dispute in accordance with the FCRA.

245.    In response to the notices received from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Dispute, Defendant USAA FSB did not and otherwise failed to conduct a reasonable investigation into the USAA FSB Account which is the subject of the Dispute.

246.    In response to receiving notice from Defendants Equifax, Experian, and Trans Union regarding Plaintiff's Dispute, Defendant USAA FSB failed to correct and/or delete information it knew to be inaccurate and fraudulent and/or which Defendants Equifax, Experian, and Trans Union could not otherwise verify.

247.    Instead of conducting a reasonable investigation, Defendant USAA FSB erroneously validated the Accounts and continued to report inaccurate and fraudulent information to Defendants Equifax, Experian, and Trans Union.

248.    On at least one occasion within the past year, by example only and without limitation, Defendant USAA FSB violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

249.    On at least one occasion within the past year, by example only and without limitation, Defendant USAA FSB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies, Equifax, Experian, and Trans Union.

250.    On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant USAA FSB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Equifax, Experian, and Trans Union about the inaccurate information.

251.    Upon information and belief, Defendant USAA FSB was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

252.    Defendant USAA FSB's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

253.    As a direct and proximate result of Defendant USAA FSB's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

254.    Defendant USAA FSB's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

255.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant USAA FSB, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 14**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant USAA FSB)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

256.    Plaintiff incorporates the allegations regarding the Accounts and Defendant USAA FSB in paragraphs ¶¶ 1-4, 11, 12-33 and 237-255 by reference of this Complaint.

257.    On at least one occasion within the past year, by example only and without limitation, Defendant USAA FSB violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

258.    On one or more occasions within the past year, by example only and without limitation, Defendant USAA FSB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

259.    On one or more occasions within the past year, by example only and without limitation, Defendant USAA FSB violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

260.    When Defendant USAA FSB received notice of Plaintiff's disputes from Defendants Equifax, Experian, and Trans Union, Defendant USAA FSB could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

261.    Defendant USAA FSB would have discovered that the information it was reporting about Plaintiff was inaccurate and the Accounts were fraudulent if Defendant USAA FSB had reviewed its own systems and previous communications with the Plaintiff.

262.    Defendant USAA FSB's investigation was per se deficient by reason of these failures in Defendant USAA FSB's investigation of Plaintiff's Dispute.

263.    As a direct and proximate result of Defendant USAA FSB's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of  rejection.

264.    Defendant USAA FSB's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

265.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant USAA FSB awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.


Dated: December 20, 2023

Respectfully Submitted,

  /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:    jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax: 855-529-9540

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com